IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **GILBERT AARON SURGUY,** | * |
| **Plaintiff,** | * |
| v. | *   Civ. No. JKB-24-0122 |
| **KIMBERLY LENTZ, et al.,** | * |
| **Defendants.** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Gilbert Aaron Surguy has filed suit against Defendants Kimberly Lentz and J.D. Carpets, Inc. ("Carpets"). (ECF No. 2.) Pending before the Court are Defendants' Motion to Dismiss Count IV of the Complaint (ECF No. 22) and Surguy's Motion for Leave to File Amended Complaint (ECF No. 25). For the reasons set forth below, the Motion for Leave to File Amended Complaint will be granted and the Motion to Dismiss will be denied as moot.

**I.   Factual and Procedural Background**

Surguy, who was employed by Carpets, brings claims arising out of a March 5, 2018 contract between Surguy and Carpets, which was executed by Lentz acting as the CEO of Carpets (the "Contract"). (ECF No. 25-1 at ¶¶ 4, 5.) Surguy alleges that, under the terms of the Contract, he "reasonably believed that Carpets had [a] sponsored qualified plan under the provisions of 26 U.S.C. § 401(k)" and that, as part of his compensation, Carpets would begin depositing 7% of his salary into a 401(k) Plan after his second year of employment. (*Id.* ¶ 6.) Surguy also alleges that his salary consisted of a base salary and a bonus salary, and that the bonus salary was based upon Carpet's monthly total sales. (*Id.* ¶¶ 12.1–12.2.) Thus, for example, if Carpets' sales totaled

between $150,000 and $170,000 in a month, he would receive a $500 bonus, if sales totaled between $170,000 and $190,000, he would receive a $1,000 bonus, and so on. (*Id.*) Surguy alleges that Carpets and Lentz "actively worked to conceal from [him] the various Monthly Quota Thresholds" and that he "only discovered the actual Monthly Quota Thresholds of Carpets in December of 2022." (*Id.* ¶¶ 13–14.) He alleges that, due to this concealment, he has not received the full wages to which he was entitled. (*Id.*)

On the basis of these allegations, Surguy brings one claim of breach of fiduciary duty pursuant to Section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 (Count I), and three state law claims: a Maryland Wage Payment and Collection Law claim (Count II); a breach of contract claim (Count III); and a fraud claim (Count IV).

Surguy filed suit on January 12, 2024. (ECF No. 1.) The parties initially attempted to settle the dispute and the Court thus stayed the case, but such efforts were apparently unsuccessful. On October 8, 2024, Defendants filed a Motion to Dismiss Count IV (ECF No. 22), an Answer to Counts I–III, and Counterclaims against Surguy[1] (ECF No. 23). Surguy filed an Answer to the Counterclaims (ECF No. 24), but never filed a response in opposition to the Motion to Dismiss. Rather, Surguy filed a Motion for Leave to File Amended Complaint. (ECF No. 25). That Motion seeks to add factual allegations regarding Count IV. (*Id.*) Defendants have filed a response in opposition to that Motion (ECF No. 26), and Surguy has not filed a reply.

## II. Legal Standard

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A district court "may deny leave to amend when the amendment would be

---

[1] The Counterclaims are for breach of contract, breach of duty of loyalty, and misappropriation of trade secrets. (*See* ECF No. 23.)

prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. Relevant here, leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Miller v. Md. Dep't of Nat. Res.*, 813 F. App'x 869, 879–80 (4th Cir. 2020) (citations, alterations, and quotations omitted).

### III. Analysis

Defendants argue that the Court should deny Surguy Motion for Leave to File Amended Complaint because Surguy fails to satisfy Rule 9(b)'s heightened pleading requirement. The Court disagrees, and will grant the Motion for Leave to File Amended Complaint.

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "A fraud claim must identify with particularity 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Andrade v. Jasso Maint., LLC*, Civ. No. JKB-22-1588, 2022 WL 17253666, at *2 (D. Md. Nov. 23, 2022) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783-84 (4th Cir. 1999) (citation omitted)).

Surguy alleges that he was informed by a third party that:

> [T]hroughout the period that he was employed by Carpets, Lentz intentionally falsified the monthly sales figures for Carpets by reducing sales in certain months below the Monthly Quota Threshold for that month, while increasing sales for other months. The result was to "level off" the sales, thus denying or reducing bonuses that were otherwise due [to] the Plaintiff since his bonus was calculated on total sales in any given month.

(ECF No. 25-1 ¶ 42.) He further alleges that "the precise dollar amounts can only be determined after the financial books and records of Carpets are inspected." (*Id.*)

3

The Court concludes that Surguy alleges what is required of him pursuant to Rule 9(b). He sufficiently alleges the time, place, and contents of the alleged false representations by alleging that, throughout his employment, Lentz intentionally falsified the monthly sales figures. As this Court has previously explained, a plaintiff need not allege the "*exact* dates upon which [a party] allegedly committed fraud" and "courts have held that a claimant need not allege every instance of fraud where the fraudulent activity is alleged to have occurred over a prolonged period." *Andrade*, 2022 WL 17253666, at *3 (emphasis in original). Moreover, the Fourth Circuit has recognized that "several of our sister circuits do relax the Rule 9(b) standard when certain facts are peculiarly within the defendant's knowledge." *Corder v. Antero Res. Corp.*, 57 F.4th 384, 401–02 (4th Cir. 2023). Here, the real monthly sales totals are peculiarly within the Defendants' knowledge, and Surguy cannot be expected to allege details regarding monthly sales figures. Surguy also sufficiently alleges who made the false representations—Lentz—and what she obtained thereby—denying or reducing Surguy's monthly bonuses.

Defendants argue that Surguy "has failed to provide any specific details or information about the alleged false representations that form the basis for the fraud cause of action in the Complaint, thereby making it impossible for Defendants to defend against such vague and general allegations." (ECF No. 25 at 2.) This is an exaggeration. While Surguy's allegations of fraud may not be a model of precision and comprehensiveness, Defendants have the information they need to defend against Surguy's fraud allegations.

Thus, the Court concludes that the requested amendment is not frivolous. Further, Defendants do not argue—and the Court does not discern—any prejudice to them, or bad faith on the part of Surguy. Accordingly, the Court will grant Surguy's Motion for Leave to Amend Complaint. And, because Surguy will be permitted to file an Amended Complaint that addresses

the defects raised by the Defendants' Motion to Dismiss, Defendants' Motion will be denied as moot. *See Venable v. Pritzker*, Civ. No. GLR-13-1867, 2014 WL 2452705, at *5 (D. Md. May 30, 2014) ("When a plaintiff files an amended complaint, it generally moots any pending motions to dismiss because the original complaint is superseded.").

## IV. Conclusion

Based upon the foregoing, the Court will grant Surguy's Motion for Leave to Amend Complaint, and will deny as moot Defendants' Motion to Dismiss.

DATED this 5 day of December, 2024.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge